UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

06 OCT -2 PM 3: 04

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

KIK INTERNATIONAL LLC.,

    Plaintiff,

v.

FREDERICK H. BACHMAN,

    Defendant.

CASE NO:

3:06CV0686 RL

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff KIK International LLC ("KIK") for its Complaint against Frederick H. Bachman ("Bachman"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for declaratory relief under 28 U.S.C. § 2201. In this action, KIK seeks a judgment declaring that it properly terminated for cause the written employment agreement and employment of Defendant, Frederick H. Bachman.

### JURISDICTION AND VENUE

2. This Court has diversity jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1332. Specifically, this action is brought based upon diversity of citizenship and the fact that the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney's fees.

3. Plaintiff KIK is a Delaware corporation with its principal place of business at 33 Macintosh Blvd., Concord, Ontario, Canada L4K 4L5.

4. Defendant Frederick Bachman is a citizen and resident of the State of Indiana.

5. Venue was consented to by the parties in the employment agreement at issue, and is proper in this judicial district under 28 U.S.C. § 1391.

## FACTS

6. On or about October 21, 2005, Frederick H. Bachman and APG Inc. entered into an employment agreement (the "Agreement").

7. As permitted by the Agreement, non-party APG Inc., which is owned by KIK, has assigned to the Plaintiff, KIK International LLC, all of APG's rights, obligations and interest in and to the Agreement.

8. The Agreement allows KIK to terminate Bachman for cause based on certain enumerated grounds for dismissal, and subject to certain procedural requirements contained in §§ 12(b) and 16 of the agreement.

9. On September 20, pursuant to § 12(b) the agreement, KIK provided written notice to Bachman, advising him that it had grounds to terminate the Agreement and his employment for cause, specifying with reasonable detail the grounds for doing so, and providing Bachman with contemporaneous documents supporting its position.

10. KIK's notice further invited Bachman to provide KIK with any additional information in writing that Bachman wished KIK to consider before KIK decided whether to terminate or continue the Agreement and his employment, giving Bachman seven days to do so.

11. On September 25, 2006 Bachman sent a one-page letter to KIK that included a general denial of all wrongdoing by him, an unexplained and unsupported assertion that he did not believe that there was good cause for his termination, and a threat to bring suit against KIK in the event that he was terminated.

12.     In short, Bachman's letter failed to present to KIK any substantive written information relevant to his termination.

13.     After receiving Bachman's letter, and reviewing the other facts and circumstances that it considered relevant, KIK decided to terminate the Agreement and Bachman's employment, effective as of the close of business September 29, 2006, and on that date sent him written notice of the same.

14.     As a result of Bachman's September 25, 2006 letter, KIK has a reasonable apprehension that Bachman will file a lawsuit against KIK contending that KIK did not have cause to terminate the Agreement and his employment and that KIK is therefore liable to him for several hundred thousand dollars.

15.     Therefore, a valid and justifiable controversy has arisen and exists between KIK and Bachman within the meaning of 28 U.S.C. § 2201.

16.     A judicial declaration that KIK properly terminated the Agreement and Bachman's employment is necessary and appropriate in order to resolve this controversy.

## PRAYER FOR RELIEF

WHEREFORE, KIK prays for judgment:

Declaring that KIK properly terminated for cause the Agreement and Bachman's employment, effective as of September 29, 2006;

Awarding KIK its costs and disbursements in this action, including reasonable attorneys' fees, which it is entitled to under the Agreement; and

Awarding KIK such other and further relief as the Court deems just and proper.

Date:   October 2, 2006

KIK International LLC

BY: 
One of its attorneys

Attorneys for Plaintiff
KIK INTERNATIONAL LLC

Drew G.A. Peel (N.D. Ind. Bar # 6206846)
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000 (tel.)
(312) 861-2200 (fax)
dpeel@kirkland.com

4